THE STATE *vs.* PATRICK J. MUNDY.

New Castle County, February Term, 1895.

**Indictment. Elections. Ballot.**—In an indictment under the election laws for destroying ballots, the particular manner of their destruction need not be set out.

**Elections. Ballot. Evidence.**—In an indictment for destroying ballots, where the evidence is entirely circumstantial, *the jury must be satisfied that the ballots could have been destroyed in no other reasonable way, than as alleged in the indictment.*

The defendant was indicted under Sec. 49 of Chap. 39, Vol. 19, Laws of Delaware, the charge being that he " Did then and there unlawfully destroy certain ballots which had then and there been deposited in a certain ballot-box at a certain election for governor, senators, representatives, sheriff and coroner   *   *   *, the said ballots which were then and there destroyed having been then and there deposited at the election aforesaid at the duly appointed voting place in and for the Third Election District of the Twelfth Ward of the said city of Wilmington."

*Whiteman* (*Woolley* with him), for the defendant, moved to quash the indictment on the following grounds:

(1) That it was insufficient to charge in the indictment the mere words enumerating the crime, when there was an absence of any other circumstances or facts surrounding the commission of the crime. Wharton, Criminal Pleading and Practice, Sec. 221 (sub-Sec. 3).

(2) If ballots were destroyed, some method of consummating that crime had to be employed, and that should be set out in the indictment. The specified charge should be clearly ear-marked, so that it would operate as a bar against any subsequent conviction for the same offence; the manner of destroying the ballots, the facts and circumstances surrounding the commission of the crime are necessary ingredients in the indictment. Otherwise there is no means of distinguishing this indictment and a conviction under it from a conviction where the testimony would be that ballots were destroyed by other means. *United States vs. Warner*, 26 Fed. Rep. 616; *United States vs. Goggins*, 9 Biss. 269; *United States vs. Hess*, 124 U. S. 576.

(3) The granting of this motion could not work any miscar-

riage of justice. The defendant could still be indicted · by the Grand Jury where the facts and circumstances surrounding the alleged offence could be clearly and substantially set out, and could be called upon again to answer in this Court to that accusation. But on the other hand, in the absence in the indictment of any means employed—whether these ballots were torn, erased, removed, secreted, or whether they were burned—the State may come in Court with evidence to sustain that general charge, which the defendant would have no power to anticipate. Yet, after that, assuming that a conviction may ensue, it may be possible if the present indictment should be upheld by the Court, for the State to come with an indictment in precisely the same language, with a different set of witnesses to prove a different set of facts and entirely different means of consummating this crime; and it would not be competent for the defendant to protect himself at the bar of this Court by proof of a conviction under this indictment—as there would be nothing on the record of this proceeding to show it was the same offence for which he had once answered to this Court.

*Nicholson*, Attorney General, replied.

LORE, C. J. The law, as stated in the contention of defendant's counsel, is unquestionable; but we think it does not apply to this case. Your cases deal with fraud. Where a man is charged with fraudulently registering, as we decided the other day, you are bound to set out in what that fraud consists. And where a man is charged with obtaining money by false representations, you must unquestionably set out the same; because it is a vital element of the offence. But this statute specifies the offence. It is not a generalization. It is a particular, definite specification of the crime. What you ask for would be a mere matter of evidence, as to how it was done. If he burns or tears them up, he destroys them. There are a number of modes; but the offence specified is, that he destroyed ballots.

We think the offence is sufficiently specified in the indictment. The motion must be denied.

LORE, C. J., (charging the jury.)

Patrick J. Mundy, the defendant, is indicted for unlawfully destroying certain ballots which had been cast at the general election for State and other officers on the sixth day of November last, in the Third District of the Twelfth Ward of this city.

The distinct charge, and the only thing that you have anything to do with is, whether or not he destroyed those ballots.

Every man is presumed innocent until he is proven guilty. There are two modes of proving guilt. One is by direct and positive testimony or parties who saw the act committed and who so state. It has not been contended in this case that there is any such evidence. Therefore you are remitted, if to anything, to circumstantial or inferential evidence.

Now in order to justify the conviction of this man on inferential or circumstantial evidence, you must be satisfied from the proof in this case that those ballots could have disappeared in no other reasonable way than by burning up or destruction as alleged here; and if you are not satisfied beyond a reasonable doubt of that fact, your verdict should be not guilty.

You have heard this evidence and you are to say whether it satisfies your mind beyond a reasonable doubt that this man destroyed those ballots; for unless you are so satisfied, your verdict should be not guilty. If you are so satisfied, it should be guilty in manner and form as he stands indicted.

*Verdict, Not guilty.*